## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:25-cv-00276-MR-WCM

| | |
|---|---|
| MIRANDA KAY BEAVER, individually and as next friend of K.J.A., a minor,   )<br>)<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>BECKY HUSKINS, et al.,   )<br>)<br>Defendants.   )<br>———————————————— ) | <u>MEMORANDUM OF</u><br><u>DECISION AND ORDER</u> |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] and the Plaintiff's Motion for a Temporary Restraining Order [Doc. 3].

## I.    BACKGROUND

The Plaintiff Miranda Kay Beaver filed the present action on August 20, 2025, asserting claims under 42 U.S.C. § 1983 and § 1985 arising from the removal of her minor child from her custody on November 22, 2024.  [Doc. 1].  The Plaintiff names as Defendants: Burke County, the Burke County Department of Social Services ("Burkey County DSS"), and various employees of Burke County DSS.  [Id.].  Along with her Complaint, the

Plaintiff moves for a temporary restraining order directing the Defendants to immediately return the child to her custody. [Doc. 3].

## II.    STANDARD OF REVIEW

To obtain temporary injunctive relief, a plaintiff must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) injunctive relief is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Thus, in each case the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). A plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court. See Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013).

## III.    DISCUSSION

### A.    Application to Proceed Without Prepayment of Fees and Costs

Before addressing the Plaintiff's request for emergency injunctive relief, the Court will address the Plaintiff's Application to proceed with this civil action without having to prepay the costs associated with prosecuting the matter. According to the Plaintiff's Application, the Plaintiff is a full-time

2

student who is not currently employed. [Doc. 2 at 5]. She states that she has no income, no employment history, and only $27.00 in cash. [Id. at 1-2]. The Plaintiff further states that she has no assets and that she has a minor child who relies upon her for support. [Id. at 3]. However, the only monthly expense that the Plaintiff claims is $50.00 for child support. The Plaintiff does not account for other basic living expenses, such as housing, food or transportation. As such, it appears that the Plaintiff's Application appears to be incomplete.

Based on the Plaintiff's representations, the Court is unable to determine whether the Plaintiff has sufficient resources from which to pay the filing fee for this action. Consequently, the Plaintiff's Application is denied without prejudice.

## B.  Temporary Restraining Order

The Plaintiff has failed to make an adequate showing to justify the issuance of a temporary restraining order. The Plaintiff alleges that the Defendants removed the minor child from her custody on November 22, 2024, approximately nine months ago, and that the child has been in DSS custody since that time. [Doc. 1: Complaint at ¶¶ 1, 9]. Further, while the Plaintiff alleges that the initial removal was effected without a court order and in the absence of exigent circumstances [id. at ¶¶ 3, 4], the Plaintiff also

3

alleges that a court order authorizing emergency removal was entered 23 hours after the seizure. [Doc. 1: Complaint at ¶ 3]. Additionally, the Plaintiff alleges that she has filed emergency motions in the Burke County Superior Court and that the Superior Court has scheduled a hearing on such motions for October 2, 2025 [id. at ¶¶ 15, 16]. In light of these alleged circumstances, the Plaintiff has failed to demonstrate that she is likely to succeed on the merits of her constitutional claims. She further has failed to demonstrate that irreparable harm will likely result absent emergency injunctive relief.

For all these reasons, the Court will deny the Plaintiff's request for a temporary restraining order.

### C.  References to Minor Plaintiff

The Court notes that the Plaintiff's filings contain multiple references to the full name of the minor child at issue. The Federal Rules of Civil Procedure require that references to a minor child in court filings be limited to the minor child's initials. See Fed. R. Civ. P. 5.2(a)(3). The Court therefore will direct the Plaintiff to submit properly redacted versions of her filings to the Clerk's Office. All future filings must identify the minor Plaintiff by the initials K.J.A. only.

4

# O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1)    The Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **DENIED WITHOUT PREJUDICE**;

(2)    The Plaintiff shall pay the required filing fee or file an Amended Application within thirty (30) days of entry of this Order.  **Failure to pay the required filing fee or file an Amended Application within the time required will result in the dismissal of this action without prejudice**;

(3)    The Plaintiff's Emergency Motion for Temporary Restraining Order [Doc. 3] is **DENIED**; and

(4)    Within seven (7) days of the entry of this Order, the Plaintiff shall provide to the Clerk redacted versions of her Complaint, the Application to Proceed Without the Prepayment of Costs and Fees, and the Emergency Motion for Temporary Restraining Order.  All future filings must identify the minor Plaintiff by the initials K.J.A. only.

5

**IT IS SO ORDERED.**

Signed: August 25, 2025

Martin Reidinger
Chief United States District Judge